EDWARDS, Judge.
This is a products liability action against Kimray, Inc., and Stockham Valves and Fittings, Inc., the manufacturers of two valves which allegedly were defective and caused a gas explosion in which the two plaintiffs, Ron Reilly (Reilly) and William 0. Barrett, Sr. (Barrett) were injured.
Facts and Procedural History
The accident at issue occurred on May 4, 1981. The case was first tried before a jury in August, 1988 and a directed verdict was granted by the trial judge in favor of the defendants, dismissing the plaintiffs’ claim. That judgment was appealed and affirmed by this court in Reilly v. Dynamic Exploration, Inc., 558 So.2d 1249 (La. App. 1st Cir.1990). The Supreme Court granted writ of certiorari, reversed the judgment on appeal, vacated the directed verdict and remanded the matter for a new trial. Reilly v. Dynamic Exploration, Inc., 571 So.2d 140 (La.1990). The facts of this case are amply presented in the above two cited opinions and will not be repeated here.
A second trial was had before a jury in November, 1991. The jury returned a verdict finding that neither of the valves in question was unreasonably dangerous, and that neither defendant was liable to the plaintiffs. Accordingly, on December 4, 1991, judgment was rendered in favor of the defendants, dismissing plaintiffs’ claim. The plaintiffs now appeal that judgment.
Both plaintiffs assign error to the jury’s failure to find that the two valves were defective. Barrett additionally assigns error to two evidentiary rulings of the trial court. For the following reasons, we reject these claims and affirm the judgment of the trial court.
In vacating the trial court’s directed verdict, the Supreme Court stated:
The record is replete with disputed issues of material fact. It is impossible to say that a reasonable jury could not have resolved these issues in favor of plain *122 tiffs. Reasonable persons could have decided for plaintiffs; reasonable persons could have decided for defendants. The trial court erred in granting the directed verdicts and depriving these plaintiffs of their right to a jury trial.
Reilly, supra, 571 So.2d at 145. The plaintiffs have now exercised their right to a full jury trial and that jury resolved those issues of material fact in favor of the defendants.
Plaintiffs’ claim against Kimray and Stockham is based on allegations that the two valves in question were defective and malfunctioned on the day of the accident, causing the explosion. According to the plaintiffs’ theory, the source of the explosion was gas which flowed backwards through both the Stockham and the Kimray valves. The defendants, on the other hand, maintain that the source of gas which ignited was a line of dehydrated gas from the scrubber pot connected directly into the vent line upstream from the Kimray and Stockham valves. According to the defendants’ theory, the two valves were not at all involved in the mechanics which caused the explosion. Therefore, the plaintiffs first had to prove, by a preponderance of the evidence, that the source of the gas was from the downstream side of the Kim-ray valve. Only then would the issue of the alleged defective condition of the valves come into play.
We note that the record in this matter is replete with testimony which is both internally inconsistent and in conflict with the physical evidence presented. The jury, therefore, in resolving the issues of fact, was required to make evaluations of credibility as well as draw inferences of fact from the evidence presented. As a result, the jury responded to the first interrogatory that there was no condition in either the Kimray or Stockham valve which made it unreasonably dangerous. In reaching this factual conclusion, it is apparent that the jury accepted the defendants’ theory regarding the source gas of the ignition and rejected the plaintiffs’ theory that the two valves were involved in the accident.
Where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Stobart v. State, 617 So.2d 880 (La.1993). Furthermore, reasonable evaluations of credibility and reasonable inferences of fact will not be disturbed on review where conflict exists in the testimony. Rosell v. ESCO, 549 So.2d 840 (La.1989). We have carefully reviewed the entire record in this matter, including the submitted physical evidence, as well as all arguments presented by the appellants on appeal. There were clearly two permissible views of how this tragic accident occurred. Based on the evidence presented, we cannot say that the jury’s verdict is unreasonable or manifestly erroneous. Nor do we find reversible error in the evidentiary rulings of the trial court.
Accordingly, we affirm the judgment of the trial court which adopted the jury’s verdict and dismissed the plaintiffs’ claims. The plaintiffs are equally assessed all costs.
AFFIRMED.